# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

STEVEN HAROLD MCRORIE,

    Petitioner,

v.                                                                            No. 19-10574

HEIDI E. WASHINGTON,

    Respondent,
_____/

## OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

Steven McRorie, ("Petitioner"), a *pro se* inmate at the Macomb Correctional Facility in New Haven, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C.§ 2254. Petitioner challenges his Michigan sexual assault conviction based on jury instruction errors and the ineffectiveness of his legal representation. Petitioner alleges that he has not exhausted his ineffective assistance of counsel claim in state court. (Dkt. #1, PageID 9.)

A state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c); *Picard v. Connor*, 404 U. S. 270, 275–78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) requires the dismissal of a habeas petition that contains claims that a petitioner has a right to raise in the state courts but has not. This includes the dismissal of petitions, such as this, that contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

To exhaust his ineffective assistance of counsel claim, Petitioner must file a post-conviction motion for relief from judgment with the Delta County Circuit Court. *See* Mich. R. Crim. P. 6.502–6.508. Should this motion be denied, Petitioner must appeal the denial to the Michigan Court of Appeals and Michigan Supreme Court before the motion is exhausted for purposes of federal habeas review. *See generally Whiting v. Burt*, 395 F.3d 602 (6th Cir. 2005) (discussing exhaustion requirements for Michigan post-conviction motions for relief from judgment).

In this case, Petitioner's one-year statute of limitations under 28 U.S.C. § 2244(d)(1) began to run on March 27, 2018—ninety days from the date of entry of the Michigan Supreme Court's denial of Petitioner's application for leave to appeal. *See Derman v. United States*, 298 F.3d 34, 39 (1st Cir. 2002), *cert. denied*, 123 S. Ct. 636 (2002) (citing Sup. Ct. R. 13.1). Petitioner filed the instant petition on February 14, 2019, roughly six weeks before the expiration of this deadline.[1] Pursuant to 28 U.S.C. § 2244(d)(2), the AEDPA's one-year statute of limitations is tolled during the pendency of any state post-conviction motion filed by Petitioner. To preserve Petitioner's ability to return to federal court after he exhausts his claim, the court will prospectively toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(1), effective February 19, 2019. *See Hargrove v. Brigano*, 300 F.3d 717, 721 (6th Cir. 2002) (affirming prospective tolling § 2244(d)(1)'s statute of limitations). This tolling is conditioned on Petitioner refiling a federal habeas action within 30 days of receiving a final judgment on his unexhausted ineffective assistance of counsel claim.

---

[1] Under the prison mailbox rule, the court will deem the petition filed as of February 14, 2019, because that is the date the petition was dated and signed. *See Towns v. United States*, 190 F. 3d 468, 469 (6th Cir. 1999).

## II. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, the court concludes that reasonable jurists would not debate the court's ruling regarding Petitioner's unexhausted habeas claims. Therefore, the court will deny a certificate of appealability.

## III. CONCLUSION

IT IS ORDERED that the petition for write of habeas corpus (Dkt. #1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) is tolled from February 14, 2019 until the time Petitioner returns to federal court to pursue federal habeas relief, provided that Petitioner returns to the federal court and files a new habeas petition under a new case number **within thirty (30) days** of the completion of his state post-conviction proceedings.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

                                           s/Robert H. Cleland
                                           ROBERT H. CLELAND
                                           UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 6, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Staff Attorney\19-15074.MCRORIE.deny.habeas.HEK.docx